1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRIAN HATTEN,                              Case No.  2:25-cv-2038-JDP (P)

12                  Plaintiff,

13         v.                                    ORDER

14    UNITED STATES OF AMERICA,

15                  Defendant.

16

17         Plaintiff, a federal prisoner proceeding pro se, has filed a civil rights action pursuant to

18    42 U.S.C. § 1331.

19         The federal venue statute provides that a civil action "may be brought in (1) a judicial

20    district in which any defendant resides, if all defendants are residents of the State in which the

21    district is located, (2) a judicial district in which a substantial part of the events or omissions

22    giving rise to the claim occurred, or a substantial part of property that is the subject of the action

23    is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

24    this action, any judicial district in which any defendant is subject to the court's personal

25    jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

26         In this case, the claim arose in San Bernadino County, which is in the Central District of

27    California.  Therefore, plaintiff's claim should have been filed in the United States District Court

28    for the Central District of California.  In the interest of justice, a federal court may transfer a

1

1   complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v.*

2   *McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

3        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

4   States District Court for the Central District of California.

5   IT IS SO ORDERED.

6

7   Dated:   July 25, 2025

8                     JEREMY D. PETERSON
                       UNITED STATES MAGISTRATE JUDGE